UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANK DITTO,

                     Plaintiff,

-against-

THE ESTATE OF MARY DITTO;
CATHERINE DITTO; DOES 1-10,

                     Defendants.

21-CV-9377 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction. He asserts claims arising out of a dispute with family members regarding real property located Rockford, Illinois. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of Illinois.

    Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* § 1391(c)(1).

    Plaintiff asserts that he is a citizen of the State of New York, who resides in New York City, and that Defendants are citizens of the State of Illinois. He claims that some of the events giving rise to his claims occurred in San Francisco, California, but that the property at issue is located in Rockford Illinois. Because Plaintiff does not allege that any defendant resides in this

district or that a substantial part of the events or omissions giving rise to his claims arose in this district, venue is not proper in this court under Section 1391(b)(1), (2).

Plaintiff alleges that his claims arose in San Francisco County, California, and Winnebago County, Illinois, which respectively are in the United States District Courts for the Northern District of California and the Northern District of Illinois.[1] *See* 28 U.S.C. §§ 84(a), 93(a). Based on Plaintiff's assertions, venue under Section 1391(b) may be proper in both of those courts. Because Plaintiff alleges that Defendants reside in Illinois and the property at issue is located there, the Court transfers this action to the United States District Court for the Northern District of Illinois. *See* 28 U.S.C. §§ 1404(a), 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Illinois. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Plaintiff alleges that in 2017, he filed a related case against the same defendants regarding the same property in the Northern District of California. Shortly after the filing, he settled the matter with the defendants and voluntarily withdrew that action. *See Ditto v. Ditto*, No. 17-CV-3063 (JSW) (N.D.Ca. Aug. 3, 2017).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 5, 2021
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                  Chief United States District Judge